UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDICE HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-917-P |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___). The parties have briefed the issues and consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, Defendant's decision is affirmed.

I.      Administrative History and Agency Decision

Plaintiff filed her application for DIB on November 16, 2016, alleging she became disabled on July 31, 2016. AR 88, 358. Her claim was denied initially and on reconsideration. At Plaintiff's request, she appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on April 26, 2018. AR 66-87. A

vocational expert ("VE") also appeared and testified. The ALJ issued an unfavorable decision on August 13, 2018. AR 117-128. Among other findings, the ALJ concluded Plaintiff's date last insured for DIB was June 30, 2018. Plaintiff appealed to the Appeals Council which found that Plaintiff's last date insured was actually December 31, 2022.[1] This error required remand. Additionally, the Appeals Council instructed the ALJ to "[r]eevaluate the medical record[] and give consideration to [Plaintiff's] maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations[.]" AR 135.

On remand, the ALJ held a second administrative hearing at which a different VE testified. AR 35-64. At the second hearing, Plaintiff amended her onset date to January 1, 2019, because her earnings record demonstrated she had engaged in substantial gainful activity in 2018. AR 43-45.

On February 13, 2020, the ALJ issued a second unfavorable decision. AR 12-28. The ALJ followed the familiar five-step evaluation process to determine whether Plaintiff was disabled within the meaning of the Act. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the amended onset date. AR 18. At step two, the ALJ found Plaintiff had severe,

---

[1] Because Plaintiff worked in 2018, the ALJ amended her date last insured to December 30, 2023. AR 18.

medically determinable impairments including depressive disorder, adjustment disorder with anxiety, learning disorder, arthralgia of ankle/foot, pes planus (flat feet) of bilateral feet, and Fox Fordyce disease. *Id.* at 21-23. At the third step of the sequential evaluation process, the ALJ determined that none of Plaintiff's severe impairments, alone or in combination, met or medically equaled one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 19.

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) except the claimant can perform simple tasks with routine supervision; can relate to supervisors and peers on a superficial work basis, but cannot relate to the general public; and can adapt to a work situation.

AR 22. The ALJ determined Plaintiff's limited ability to stand and walk meant she could not perform her past relevant work as housekeeping cleaner or fast-food worker. *Id.* at 26-27.

At the fifth step of the sequential evaluation, however, the ALJ considered Plaintiff's age (younger individual), her education, her work experience, her RFC, and the testimony of the VE and concluded there are sedentary, unskilled jobs existing in significant numbers in the national economy that Plaintiff can perform. *Id.* at 27-28. The ALJ identified three such jobs: document preparer, ticket counter,

and toy stuffer. *Id.* at 28. The ALJ determined the testimony of the VE was consistent with the information listed for these jobs in the *Dictionary of Occupational Titles*. *Id.* Accordingly, the ALJ determined Plaintiff is not disabled.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II.     Standard of Review

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v.*

*Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted).

III.   Analysis

Plaintiff contends the ALJ erred in failing to include in the RFC mental limitations she believes are "suggested" by the opinion of the consultative examiner, Janet Kates, Ph.D. AR 535-541. Dr. Kates administered the WAIS-IV to estimate Plaintiff's cognitive ability and reported the following results:

> Ms. Humphrey's general cognitive ability, as estimated by the WAIS-IV, is in the extremely low range. Her general verbal comprehension abilities were in the extremely low, and her general perceptual reasoning abilities were in the borderline range. Ms. Humphrey's ability to sustain attention, concentrate, and exert mental control is in the borderline range. Her ability in processing simple or routine visual material without making errors is in the borderline range. Ms. Humphrey displays low self-esteem, which contributes to mild depressive symptoms. It is my opinion that low self-esteem also contributes to her reported reluctance to be in public. She mentioned issues related to not wanting to be in public and sexual abuse initially but did not mention these later in the evaluation and tended to focus

> more on issues related to her skin condition[2] and learning problems. Based upon her overall report, I would not rule in Post-Traumatic Stress Disorder. I am providing diagnoses of Persistent Depressive Disorder, Adjustment Disorder with Anxiety, and Intellectual Disability, Mild.

AR 541.

> The ALJ summarized Dr. Kates' report as follows:

> The Administrative Law Judge considered, and gives great weight to the opinion of the consultative examiner, Dr. Kates in June 2017 that the claimant's general cognitive ability as estimated by the WAIS-IV, was in the extremely low range. The claimant's ability to sustain attention, concentrate, and exert mental control was in the borderline range. Dr. Kates could not rule in Posttraumatic [sic] Stress Disorder. Dr. Kates provided diagnoses of persistent depressive disorder, adjustment disorder with anxiety, and intellectual disability mild.

AR 26.

The ALJ accounted for Dr. Kates' findings by limiting Plaintiff to simple work with limited contact with others. Plaintiff contends, however, that the ALJ ignored a critical part of Dr. Kates' findings—that Plaintiff's "ability in processing simple or routine visual material without making errors is in the borderline range"

---

[2] At the administrative hearing, Plaintiff described the effects of her skin condition, Fox Fordyce disease, which causes her intense itching:

> [I]t's unbearable, the scratching. I get flare-ups. I want to scratch right now, but of course, I'm in front of you guys, so it's embarrassing, like I said. It's private areas. It's very embarrassing.

AR 49. Plaintiff's testimony was limited to descriptions of her physical ailments. She did not testify to experiencing any mental symptoms.

suggests Plaintiff "will be unable to process those simple tasks without making errors." Doc. No. 19 at 5. Although Plaintiff's suggestion might seem logical, she offers no medical evidence in support of her conclusion. What is more, Dr. Kates' ultimately diagnosed Plaintiff with only "mild" intellectual disability. AR 541. Finally, the ALJ's finding that Plaintiff could perform some simple, sedentary work, is supported by Plaintiff's own admission that she performed simple, light work—at the substantial gainful activity level—the year before her amended onset date, leaving that job only because of physical problems with her feet. AR 51. Accordingly, the ALJ's decision is supported by substantial evidence in the record.

IV. Conclusion

Based on the foregoing analysis, the decision of Defendant Commissioner is affirmed. Judgment will issue accordingly.

ENTERED this  5th  day of  August , 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE